UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ORLANDO B. ALVAREZ,

                Plaintiff,

      -v-                                        05-CV-0827(Sr)

COMMISSIONER GLENN S. GOORD, et al.,

                Defendants.

---

## DECISION AND ORDER

On or about November 22, 2005, plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. Dkt. #1. Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #16. On or about December 12, 2007, defendants filed a motion for summary judgment. Dkt. #26. Plaintiff did not submit a response to defendants' motion for summary judgment. On or about May 2, 2008, plaintiff submitted a letter (dated March 3, 2008) to the undersigned requesting to withdraw his petition (complaint) stating, "[a]t this time I will withdarw [sic] my pertition [sic] in this matter due to the fact that I did not write the Superintendent of Elmira Correctional Facility or Central Office Review Comittee [sic] to inform them of my situation concerning my grievance in not doing so I fail [sic] to exhaust my administrative remedies." Dkt. #39. On May 8, 2008, this Court issued an Order in accordance with plaintiff's letter request withdrawing plaintiff's complaint without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and directing the Clerk of Court to take the necessary steps to close the file. Dkt. #40.

Thereafter, on or about January 29, 2009, plaintiff sent a letter to the undersigned requesting that the complaint be reinstated. Dkt. #41. Plaintiff's letter seeking reinstatement of the complaint states in pertinent part, "[a]fter carefully researching and looking in to [sic] this matter, I ask the Court's [sic] to reinstate this complaint." Dkt. #41. On February 11, 2009, this Court issued an order acknowledging receipt of plaintiff's letter and advising plaintiff that the letter was insufficient and did not constitute a proper motion seeking reinstatement of the complaint. Dkt. #42. The Court further ordered that plaintiff shall file a motion together with a supporting affidavit and memorandum of law setting forth the factual and legal basis for the relief sought by March 9, 2009. Dkt. #42.

On March 3, 2009, plaintiff filed a motion together with an affidavit seeking an Order reinstating the complaint and to have counsel appointed for him. Dkt. ##43 and 44. In his motion, plaintiff states that the reason that he sought to withdraw his complaint was because of his vision problem. Dkt. #44. Moreover, plaintiff further states that his condition has continued to deteriorate and that he needs counsel to assist him because his vision is "not clear enough to correctly advance this complaint." Dkt. #44, p.2.

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding for the following six enumerated reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable

>   diligence, could not have been discovered in time to move
>   for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). In the instant case, plaintiff's March 3, 2008 letter request to withdraw his complaint states that plaintiff believed that he had failed to exhaust his administrative remedies. Dkt. #39. Plaintiff's initial January 29, 2009 letter request to the undersigned to have the complaint reinstated states that plaintiff had carefully researched and looked into the matter before seeking the relief from the Court. Dkt. #41. Plaintiff's formal motion requesting an Order reinstating the complaint suggests that the reason plaintiff sought to withdraw the complaint was based on his vision problems. Regardless of the factual underpinning for plaintiff's requests to withdraw the complaint and to reinstate the complaint, this Court finds that there is a meritorious basis to afford plaintiff the relief he seeks pursuant to either Fed.R.Civ.P. 60(b)(1) or 60(b)(6). Accordingly, plaintiff's complaint is hereby reinstated.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the

judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was denied medical treatment, *to wit*, corrective eye surgery for damage to his right eye sustained during eye surgery in October 2001. Dkt. #1. Plaintiff maintains that his condition has continued to deteriorate and that absent an Order from this Court assigning counsel to represent him, plaintiff will not be able to "correctly advance this complaint." Dkt. #44. At the time plaintiff sought to withdraw his complaint, defendants' motion for summary judgment was pending and once the complaint is reinstated, plaintiff will need to respond to the motion for summary judgment. Since the withdrawal of the complaint and as set forth in plaintiff's letters to the undersigned as well as in his recently filed motion and supporting affidavit, plaintiff has "carefully researched" and "look[ed] into this matter," and has successfully drafted and submitted a motion together with a supporting affidavit several days in advance of the Court's March 9, 2009 deadline. In so doing, plaintiff has demonstrated an ability to articulate his legal theories to the Court. Thus, plaintiff has not established that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion to reinstate the complaint (Dkt. ##43 and 44) is granted and plaintiff's motion to appoint counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. As stated above, defendants' motion for summary judgment (Dkt. #26) is pending and plaintiff shall respond to defendants' motion for summary judgment by

-6-

May 15, 2009. Reply papers, if any, shall be served and filed no later than June 5, 2009 after which time the motion shall be taken under advisement.

**SO ORDERED**.

Dated:	Buffalo, New York
	March 12, 2009

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
